UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATAYO ANTWONE HARLAND YOUNG | No. 21 CR 6<br><br>Judge Ronald A. Guzman |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. In addition to the provisions above, certain materials to be produced contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the privacy interests of third parties. The government intends to produce such information and designate it "Attorneys' Eyes Only" (the "Attorneys' Eyes Only Material").

6. The Attorneys' Eyes Only Material shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Attorneys' Eyes Only will be individually marked. For other items, such as the copy of an iPhone or audio or video recordings, the media containing those recordings will be marked in the same manner.

7. Neither the Attorneys' Eyes Only Materials nor the information contained therein may be disclosed to any persons other than counsel for the

2

defendant (defined as counsel of record in this case), the defendant himself, or investigators employed by defendant's counsel to assist the defense ("AEO authorized persons"), without prior notice to the government and authorization from the Court. Moreover, while defense counsel may <u>show</u> the Attorneys' Eyes Only Materials to the defendant, and those materials may be reviewed by the defendant in defense counsel's presence, the Attorneys' Eyes Only Materials (or copies of them or their contents) may <u>not</u> be physically provided to defendant for his retention or by any other means or methods.

8. Defendant's counsel and AEO authorized persons shall not copy or reproduce the Attorneys' Eyes Only Materials except for use in connection with this case by defendant's counsel and AEO authorized persons. Such copies and reproductions shall be treated in the same manner as the originals.

9. Defendant's counsel and AEO authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorneys' Eyes Only Materials, except to defendant for their review, and all such notes or records are to be treated in the same manner as the originals.

10. Before providing any materials (including but not limited to Attorneys' Eyes Only Materials) to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject

to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

11. Upon conclusion of all stages of this case, all of the materials produced by the United States and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

12. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

13. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

14. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

                      ENTER:

                      _____
                      RONALD A. GUZMAN
                      District Court Judge
                      United States District Court
                      Northern District of Illinois

Date:   February 5, 2021